[Civ. No. 26076.   Second Dist., Div. Two.   Oct. 9, 1962.]

ROBERT M. HALDANE, a Minor, etc., et al., Plaintiffs and Appellants, v. MRS. VERNON C. (DAISY) BOGY, Defendant and Respondent.

Eldon O. Haldane, in pro. per., for Plaintiffs and Appellants.

Robert L. Thompson for Defendant and Respondent.

HERNDON, J.—This is an appeal purportedly taken from a judgment of dismissal entered in favor of respondent following the failure of appellant to amend his complaint within the time allowed after respondent's general and special demurrers had been sustained. ▮ The record before us does not indicate that any formal judgment was in fact entered, but does contain a duly entered minute order granting respondent's motion to dismiss the action. We shall therefore treat the appeal as having been taken from this order. (*Herrscher* v. *Herrscher*, 41 Cal.2d 300, 303-304 [259 P.2d 901]; *Jeffers* v. *Screen Extras Guild, Inc.*, 107 Cal.App.2d 253, 254 [237 P.2d 51]; *Wilson* v. *Frakes*, 178 Cal.App.2d 580, 581 [3 Cal.Rptr. 434].)

The complaint is captioned ''COMPLAINT—Malpractice; Damages and Conspiracy'' and contains nine pages consisting entirely of conclusions and vituperative personal attacks upon the several named defendants. It was filed by appellant *in propria persona* in his capacity as purported guardian *ad litem* of his three minor children. The named defendants are two attorneys, one of whom successfully represented appellant's wife in her divorce action against appellant, two are friends of appellant's wife, one of whom is the respondent herein, and appellant's ex-wife whom he has joined as a party defendant only for the alleged reason that she refused to join as a party plaintiff.

No useful purpose would be served in discussing appellant's complaint in detail, for it is inconceivable that a pleading so completely lacking in factual allegations or specifications could provide any guidance as a standard of reference in future cases. It is sufficient to say that the complaint sounds in self-pity and resentment, but states no facts sufficient to constitute a cause of action under any theory of law. As nearly as can be determined from this unfortunate man's

rambling allegations, it is his contention that, as the result of the defendants' advising and assisting his wife to divorce him, the minor children of the parties suffered the loss of $30,000 which they "would have expected to inherit" from the parties. Attached to the complaint as "Exhibit A" is what is alleged to be a partial reporters' transcript of the divorce hearing wherein appellant's wife and eldest son testified to appellant's alcoholism and absences from the family residences. The complaint also prays for an award of $3,000,000 as exemplary damages.

Respondent herein is not alleged to be an attorney and therefore could not be guilty of "malpractice." *Haldane* v. *Freedman*, 204 Cal.App.2d 475 [22 Cal.Rptr. 445] decided by Division One of this court on June 8, 1962, is a case involving this appellant in which an issue concerning privity in the attorney-client relationship is discussed and decided against appellant. Further, this decision refers to section 700 of the Civil Code providing that "A mere possibility, such as the expectancy of an heir apparent, is not to be deemed an interest of any kind" and holds that any such alleged expectancy is not such a vested right as will support an action of this type.

■ The sole reference to respondent found in appellant's complaint is contained in the following paragraph: "That defendant Daisy [Mrs. Vernon C.] Bogy during June, 1960, wrongfully harbored, housed and concealed the [minor children] from their father, without any warrant in law, against his will, over his vigorous protest and demand that they be returned to the family home in Reseda, California. She advanced costs in the amount of approximately $50 in her zeal to accomplish the wrongful filing of the divorce complaint NWD 724. She joined with the other defendants in a venomous effort to wilfully and maliciously injure [the minor children's] father by actively encouraging [the minor children's] mother to file a divorce suit—in conspiracy, concert and confederation with the other defendants—all to the injury and damage to these [minor children]."

In *Rudley* v. *Tobias*, 84 Cal.App.2d 454 [190 P.2d 984], it was determined that under our codes, particularly sections 43.5 and 49 of the Civil Code, an action may not be maintained by a child to recover for the alienation of a parent's affections even where, as the result thereof, the children have been abandoned by their father. Certainly the above quoted paragraph states no cause of action against respondent.

■ Furthermore, since appellant's complaint makes specific reference to the prior divorce action by name and case number, and in effect seeks to make a collateral attack upon the judgment therein, it was proper for the trial court to take judicial notice of the records therein. (*Legg* v. *Mutual Benefit Health & Accident Assn.,* 184 Cal.App.2d 482, 487 [7 Cal. Rptr. 595] ; *Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140, 141 [2 Cal.Rptr. 716].) The record therein indicates that appellant's wife was granted custody of the children on June 2, 1960, and was forced to leave the family residence on June 18, 1960, due to the improper conduct of appellant. On July 1, 1960, the wife was granted the exclusive right to occupy the family residence and apparently then returned thereto. It would therefore appear that during the period respondent is alleged to have "harbored, housed and concealed" the minor children, they were, in fact, legally with their mother and in her custody.

■ Respondent filed general and special demurrers which were very properly sustained on July 31, 1961, with 20 days' leave to amend. Appellant having elected not to amend, respondent's motion to dismiss was properly granted and entered on September 7, 1961. (Code Civ. Proc., § 581, subd. 3; *Stowe* v. *Fritzie Hotels, Inc.,* 44 Cal.2d 416, 424 [282 P.2d 890].)

Appellant's brief is in large measure only a repetition of his feelings of persecution and contains no actual assignment of error. His only explanation of his failure to amend his complaint is his statement that one of the grounds for the demurrer was "uncertainty" and that he "could have amended and alleged the respondent's address to be 3279 Laurel Canyon Blvd., etc., declined to do so since it is inconceivable that respondent does not know her own address or what went on inside her own house."

The judgment of dismissal is affirmed.

Fox, P. J., and Ashburn, J., concurred.