[Civ. No. 26077.   Second Dist., Div. Two.   Oct. 9, 1962.]

ELDON O. HALDANE, Plaintiff and Appellant, v. MRS. VERNON C. (DAISY) BOGY, Defendant and Respondent.

Eldon O. Haldane, in pro. per., for Plaintiff and Appellant.

Robert L. Thompson for Defendant and Respondent.

HERNDON, J.—This is an appeal purportedly taken from a judgment of dismissal entered in favor of respondent in a companion case to *Haldane* v. *Bogy, ante,* page 298 [25 Cal. Rptr. 389], passed upon this day by this court. ▓▓ Again the record fails to disclose the entry of a judgment; hence, we shall consider the appeal as having been taken from the order granting respondent's motion to dismiss the action

following appellant's failure to amend his complaint within the time allowed.

Appellant's complaint filed *in propria persona* is captioned *"Complaint—Damages* (Intentionally Inflicting Severe Emotional Distress and Bodily Harm Resulting From It)'' and, as in *Haldane* v. *Bogy, ante,* is a conglomerate of abusive epithets and conclusions stating no cause of action. Attached thereto as Exhibit A is a photo copy of appellant's wife's first amended complaint for divorce. Although appellant alleges that this document is a sham and "had been months in secret preparation" and was filed "for the malicious, sadistic satisfaction of the three named defendants," it appears from the record in said divorce action of which the trial court properly took judicial notice, (*Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140, 141 [2 Cal.Rptr. 716]), that his wife's *original* complaint for divorce had set forth the simple statement of a charge of cruelty as permitted by section 426b of the Code of Civil Procedure and that the particularized amendment had been filed only after appellant had demurred to the original complaint on the ground of uncertainty.

The defendants in the instant action are two attorneys who have been licensed to practice law in California since 1915 and 1933, respectively, and the respondent, a "family friend of many years." Appellant's complaint states: "All three named defendants are women of advanced years, lonely, frustrated, embittered, unhappy; they are professional misanthropists and trouble-makers, with a seething hatred of the male." Expressions such as these generally tell more of the character of the author than of the parties described; obviously, they add nothing to the substance of a pleading.

The complaint's sole direct statement regarding respondent is the following: "Defendant Mrs. Vernon C. (Daisy) Bogy aided and abetted the other defendants at every turn; she paid $50.00 to attorney Wilhelmina Helen King Chagnon to file the original groundless action alluded to; she wrongfully harbored and secreted plaintiff's wife and children during June, 1960 for the purpose of diminishing and nullifying plaintiff's influence over his own family; all of these acts were done with express and expressed purpose to injure plaintiff, cause him severe and prolonged mental and physical anguish." As indicated in *Haldane* v. *Bogy, ante,* the records in the divorce action indicate that appellant's wife had been granted custody of the children on June 2, 1960, and appellant had been enjoined and restrained from annoying and

molesting her pending further proceedings. Despite the restraining order, however, appellant's conduct had forced his wife to leave the family residence until she was able to obtain a further court order regarding her right to sole occupancy and possession thereof. Subsequently, she obtained, by way of a stipulated default hearing, an interlocutory judgment of divorce based upon her testimony and that of appellant's eldest son.

The only cause of action which appellant's complaint even remotely approaches is one for alienation of affections, and actions on that ground have been abolished in California by section 43.5, Civil Code. (*Ikuta* v. *Ikuta,* 97 Cal.App.2d 787, 789 [218 P.2d 854].)

Respondent's general and special demurrers having been properly sustained, and appellant having chosen not to amend within the time allowed, the order of dismissal made under section 581, subdivision 3, Code of Civil Procedure, was likewise proper. In his brief appellant, as in *Haldane* v. *Bogy, ante,* again chooses to ignore all the stated grounds for the demurrer to his complaint except the one of uncertainty and repeats his statement that he could have amended but declined to do so because respondent's knowledge of her address and her conduct was "superior" to his own.

In his brief, appellant quotes *Werner* v. *Times Mirror Co.,* 193 Cal.App.2d 111, 123 [14 Cal.Rptr. 208], for the proposition that: " 'The law does not provide a remedy for every annoyance that occurs in everyday life. Many things which are distressing or may be lacking in propriety or good taste are not actionable.' " Although his comment thereon is that "[t]he above language is indeed apropos, whether the problem be defamation, invasion of privacy, or domestic relations matters," he seems totally unable to follow the quoted precepts which he himself finds applicable here.

On the contrary, he asserts, "appellant seeks to set the record straight, punish the wrongdoers in a legal and proper manner, recoup as much of the money loss as possible, restore his family to safety and solvency, attend to the problems at hand with prudence, understanding, patience and some intelligence. Thus, if the wrongdoers are officially discredited and repudiated by reason of their misconduct, excused from any further meddling or interference, plaintiff's wife, liberated from their undue influence, may return unto the paths of righteousness. . . ."

We earnestly submit for appellant's honest consideration

the thought that his own best interests and the best interests of his children would be served far more if he would drop his role of avenging angel and devote the time and the very great amount of money which he is wasting on this expensive and fruitless litigation to the costs of educating the children he loves, so that they will be better prepared to lead happy and useful lives.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.