Joseph A. Sarafite, J.
The principal question raised by these motions is whether a wife can sue her husband for damages for mental pain and anguish knowingly caused by his malicious and wanton acts as alleged in the second cause of action.
The first cause is for a declaratory judgment to establish the matrimonial status of the plaintiff and to declare void an alleged Mexican divorce and subsequent remarriage of the defendants Weicker and Littell, and to restrain defendants from representing themselves to be husband and wife and defendant Littell from assuming or using the name of Mrs. Lowell P. Weicker.
The second cause of action seeks compensatory and punitive damages from the defendants for mental pain, suffering and humiliation. It alleges in substance that Weicker knowingly obtained an illegal Mexican divorce and that Littell had knowledge thereof; that defendants knew their marriage to each other *571 was illegal; that Weicker sent out a written notice to friends and acquaintances of plaintiff and Weicker stating that he had divorced plaintiff and married Littell and invited such friends and acquaintances to meet his new wife; that defendants caused the public press in the City of New York to report that Weicker was divorced from plaintiff and was married to defendant; that defendants by their conduct have caused plaintiff’s friends and acquaintances and those extending credit to plaintiff, as well as social clubs and other organizations, to believe that Weicker and plaintiff were no longer husband and wife and that Littell is his lawful wife; that defendants have flouted the laws of the State of New York, have acted illegally and in a morally reprehensible manner, maliciously, wantonly and knowingly in complete disregard of the laws of this State and of the plaintiff’s rights and feelings; that as a consequence thereof, plaintiff suffered mental pain, anguish and injury to her reputation and marital status.
Defendants Weicker and Littell separately move (1) to dismiss the second cause of action for legal insufficiency and (2) to sever and dismiss such part of the first cause of action which seeks to enjoin and restrain defendants from holding themselves out as husband and wife.
As to the second cause, Weicker insists there is no statutory authority or precedent in the cases which permits a wife to maintain such an action.
The answer to the question is to be sought primarily in the language and meaning of the statutes dealing with the relations between husband and wife.
At common law neither spouse could sue the other for tortious conduct, because of the concept of marital unity which merged the person and rights of the wife with those of her husband (Longendyke v. Longendyke, 44 Barb. 366 [1863]; Freethy v. Freethy, 42 Barb. 641 [1865]; Prosser, Torts [3d ed.], § 116, p. 879 et seq.).
And despite statutes permitting a married woman to sue any person for damages for injuries to her person, property and character (L. 1860, ch. 90, § 7; [repealed by L. 1880, ch. 245, § 1, subd. 36] ; L. 1890, ch. 51; Domestic Relations Law of 1896, ch. 272, § 27), our courts held that the statutory words “ any person” meant any person other than the husband. (See e.g., Freethy v. Freethy, supra [wife denied right to sue husband for slander]; Longendyke v. Longendyke, supra, and Schultz v. Schultz, 89 N. Y. 644 [1882] [assault and battery]; Abbe v. Abbe, 22 App. Div. 483 [1897] and Allen v. Allen, 246 N. Y. 571 [1927] *572 [malicious prosecution]; Caplan v. Caplan, 268 N. Y. 445 [1935] [trespass upon her person].)
In 1927 in the Allen case {supra) Judge Pound in a comprehensive dissent — arguing vigorously for the wife’s right to sue — stated that the majority, in ruling against the wife, had assumed that relief had to be denied ‘1 because the Legislature has failed specifically to include the husband in the general grant to her of the right to sue for injuries to her person ” (p. 572).
Efforts to amend the statute ensued and in 1937, the Legislature by the enactment of chapter 669 of the Laws of 1937 (Domestic Relations Law, § 57, now General Obligations Law, § 3-313), removed the final barrier to a married woman’s right to sue her husband for a personal tort (see Rozell v. Rozell, 281 N. Y. 106, 110 ; Coster v. Coster, 289 N. Y. 438, 442; People v. Morton, 308 N. Y. 96, 98).
■Section 3-313 of the General Obligations' Law provides:
“ 1. A married woman has a right of action for an injury to her person, property or character or for an injury arising out of the marital relation, as if unmarried. * * *
“ 2. A married .woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-,seven-a of the general construction law ”.
“Personal injury” under section 37-a of the General Construction Law includes libel, slander, malicious prosecution, assault, battery, false imprisonment or “ other actionable injury to the person” (emphasis supplied). Personal injury, as defined in section 37-a, has been held to cover “ every variety of injury to a person’s body, feelings or reputation” (Bonilla v. Reeves, 49 Misc 2d 273, 279. See, also, Morrison v. National Broadcasting Co., 24 A D 2d 284; American Restaurant China Mfrs. Assn. v. Corning Glass Works, 24 Misc 2d 634, 639-640).
In recent years our courts have allowed recovery for the infliction of emotional distress (Battalla v. State of New York, 10 N Y 2d 237) “ without proof of the breach of any duty other than the duty to refrain from inflicting it ” (Halio v. Lurie, 15 A D 2d 62, 66. See, also, Mitran v. Williamson, 21 Misc 2d 106; Prosser, op. cit. supra, § 11, Infliction of Mental Distress, pp. 41-54; Magruder: Mental and Emotional Disturbance in the Law of Torts, 49 Harv. L. Rev. 1033 [1936]; cf. Ferrara v. Galluchio, 5 N Y 2d 16, and Morrison v. National Broadcasting Co., supra.)
Tracing the course of the law relating to claims for damages for mental distress leaves little doubt that this is now considered a “ personal injury ”, a tort that is actionable on its own merits *573 and not, as heretofore, allowed as an element of damage ‘1 parasitic ” to some other cause (Magruder, op. cit. supra, p. 1055).
It seems clear, therefore, that the acts charged against the husband in the second cause are wrongful and tortious and that the injury resulting therefrom to the wife is an “ actionable injury” under section 37-a. It is difficult to reach any other conclusion after studying the long history leading up to the 1937 amendment to the Domestic Relations Law (now General Obligations Law, § 3-313) and the plain language of that change.
In this view of the law, the absence of any precedent in the decisions, should not serve to defeat this complaint (see Kujek v. Goldman, 150 N. Y. 176, 178).
Coming now to the other defendant, Littell, she argues that basically plaintiff seeks damages against her for alienation of affections and criminal conversation and that such actions are prohibited by section 80-a of the Civil Rights Law. Littell misreads the complaint. The wrong complained of by plaintiff is not that Littell has diverted her husband’s affections but that this defendant knowingly participated in a course of conduct which was maliciously designed to and actually did cause the plaintiff mental anguish and other injuries (cf. Tuck v. Tuck, 14 N Y 2d 341, 345-346). Since the factual averments in the complaint are, for the purposes of these motions deemed to be true, the second cause of action is also sufficiently pleaded against Littell. The question of whether the pleading can be substantiated by adequate proof against either or both defendants is another matter and is not before the court.
There remains that branch of each motion which seeks to sever and dismiss (1) paragraph “ 6 ” of the first cause of action and (2) the prayer for injunctive relief.
Paragraph “ 6 ” of the body of the complaint alleges in substance that the defendants have been residing in New York City and holding themselves out as husband and wife although they are not husband and wife. This paragraph not only appears to be an allegation necessary to plaintiff’s first cause of action for a declaratory judgment but also to the second cause of action for damages.
Paragraphs 4 ” and “ 5 ” of the prayer seek to enjoin and restrain the defendants from representing themselves as husband and wife, and to enjoin Littell from using the name of Mrs. Lowell P. Weicker, and Weicker from referring to Littell by plaintiff’s name, Mrs. Lowell P. Weicker. The issue of injunctive relief has already been passed upon in effect by a prior decision of this court (Helman; J., Apr. 13,1966) —which, while conceding that the prayer for this relief may not have a *574 legal basis (see Baumann v. Baumann, 250 N. Y. 382) —denied a motion to strike the prayer as being prejudicial matter. Moreover, the trial court will ultimately determine the type of relief plaintiff is legally entitled to (CPLR 3017, subd. [a]).
For all of the foregoing reasons, the motions are denied.