BEVERLY K. WEICKER, Respondent, *v.* LOWELL P. WEICKER et al., Appellants.

First Department, October 10, 1967.

*Robert M. Bozeman* for Lowell P. Weicker, appellant.

*Arthur H. Beyer* for Antoinette F. Littell, appellant.

*Arnold I. Roth* of counsel (*Joseph Zuckerman* with him on the brief; *Rosenman Colin Kay Petschek Freund & Emil*, attorneys), for respondent.

McNALLY, J. Defendants appeal from the orders denying their motions, addressed to the second amended complaint, to dismiss for legal insufficiency the second cause of action and the first cause of action as to the claim therein for injunctive relief.

Plaintiff and defendant Weicker were married June 6, 1953. They separated in 1964. There are no issue. A separation agreement was made April 30, 1964. It provides for annual alimony of $50,000, preserves and implements plaintiff's rights as to the husband's testamentary estate, and provides for the liquidation of plaintiff's property rights. The parties thereby also mutually release each other from all claims, other than the obligations of the agreement.

In 1965, defendant Weicker procured an ex parte Mexican divorce from plaintiff and married defendant Littell. Defendants reside in New York County as husband and wife. Defend-

ants have informed friends and others who know plaintiff and defendant Weicker that defendants are married. Plaintiff alleges the divorce and marriage of defendants are invalid, and serve to cast doubt on plaintiff's status as the lawful wife of defendant Weicker.

The first cause of action seeks a judgment declaring plaintiff the lawful wife of defendant Weicker, and other clarification of plaintiff's marital status. In addition, plaintiff seeks to enjoin defendants from holding themselves out as husband and wife, the use by defendant Littell of her codefendant's name, and other injunctive relief.

The second cause of action seeks general damages for mental pain, suffering, anguish, and injury to plaintiff's reputation.

There is no basis for a tort claim unless there is a violation of a duty. "Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right." (*Palsgraf* v. *Long Is. R.R. Co.*, 248 N. Y. 339, 341.) Plaintiff does not have the exclusive right to the use of the name " Weicker "; she has not been impersonated, and makes no claim of the invasion of any property right. The second cause of action does not set forth " a legal protected interest " and, consequently, fails to allege an actionable tort. This analysis of the second cause of action makes unnecessary the determination of whether plaintiff may recover damages for mental anguish. *Battalla* v. *State of New York* (10 N Y 2d 237) enables recovery for emotional and neurological disturbances " negligently caused ". Here no breach of duty is involved. (See *Kalina* v. *General Hosp. of City of Syracuse*, 18 A D 2d 757, affd. 13 N Y 2d 1023.)

The bald allegations of malice in the second cause of action do not serve to convert it into a viable cause of action. The implication of a prima facie tort must be rejected. The essence of prima facie tort is " the intentional infliction of temporal damage * * * which * * * requires a justification if the defendant is to escape ". (*Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79, 83–84.) Moreover, plaintiff fails to allege special damages. (*Morrison* v. *National Broadcasting Co.*, 19 N Y 2d 453.)

The rights and remedies in respect of matrimonial and domestic differences are statutory. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456, 465, 466; *Walker* v. *Walker*, 155 N. Y. 77; *Ackerman* v. *Ackerman*, 200 N. Y. 72, 76; *Ravaud* v. *Ravaud*, 298 N. Y. 744; *Weintraub* v. *Weintraub*, 302 N. Y. 104, 108; *Langerman* v. *Langerman*, 303 N. Y. 465, 470, 471.) There is no New York statute enabling a spouse of a subsisting legal marriage to

recover damages consequent on the illegal remarriage of the other. Moreover, plaintiff fails to allege interference with any property right. Plaintiff has a legal right to the use of the name "Weicker". However, plaintiff does not have the exclusive right to the use of that name, and plaintiff does not claim defendant Littell is impersonating her. (*Baumann* v. *Baumann,* 250 N. Y. 382, 387, 388.) It affirmatively appears that plaintiff's property rights and her right to support have been adequately preserved. There is neither statutory nor common-law right deriving from the marital status to support the claim for damages sought in the second cause of action.

In addition, the parties, by the agreement of April 30, 1964, mutually discharged each other as follows: " It is the intention of the parties that, except as otherwise provided in this Agreement, all liability of whatsoever nature on the part of the Husband to the Wife and on the part of the Wife to the Husband, past, present or future, actual or potential, inchoate or consummate, whether arising from the relationship of husband or wife or otherwise, shall cease and terminate absolutely and forever. " Thereby, plaintiff released the alleged exclusive right to the use of the name " Weicker " as a wife she now attempts to vindicate, and, furthermore, precluded any action based on the marital relationship as is the one attempted to be pleaded in the second cause of action.

Plaintiff's reliance on the statutory right of a married woman to sue her husband for wrongful and tortious acts (General Obligations Law, § 3–313, subd. 2) is misplaced. Said statute provides, in part: " A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-seven-a of the general construction law, or resulting in injury to her property, as if they were unmarried ". Section 37-a of the General Construction Law defines " personal injury " to include " libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another. "

At common law, neither spouse could sue the other for personal injuries. (*Caplan* v. *Caplan,* 268 N. Y. 445.) The statute does not enlarge marital rights; it removes a disability resulting from marriage. It enables a married woman to assert a claim for personal injuries " as if they were unmarried ". Implicit therein is the exclusion of marital status as a basis for the prosecution of a claim for personal injuries under said statute.

The first cause of action, insofar as it seeks injunctive relief against defendants, is legally insufficient. (*Baumann* v. *Baumann,*

250 N. Y. 382, *supra; Lowe* v. *Lowe,* 265 N. Y. 197, 202.) The prior disposition of the motion to strike prejudicial matter (CPLR 3024, subd. [b]) is not the law of the case as to the sufficiency of the claim for injunctive relief. In addition, the law of the case precludes consideration of an issue previously heard by a court of co-ordinate jurisdiction; it has no application to the appellate court reviewing the same issue. (*Bagarozy* v. *Stoneman,* 4 A D 2d 872.)

The orders should be reversed, on the law, with costs to appellants, and the motions to dismiss the second cause of action and that part of the first cause of action for injunctive relief should be granted, and plaintiff directed to serve a third amended complaint accordingly.

Stevens, J. P., Rabin and Witmer, JJ., concur.

Orders entered on April 24, 1967, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motions to dismiss the second cause of action and that part of the first cause of action for injunctive relief granted, with $10 costs, and plaintiff directed to serve a third amended complaint accordingly.