Per Curiam.

In this action, plaintiff appeals from an order of the Appellate Division dismissing so much of her second amended complaint as seeks: (1) compensatory and punitive damages for the intentional or reckless infliction of mental suffering and (2) injunctive relief restraining the defendants from holding themselves out as husband and wife and defendant Littell from assuming or using defendant husband’s name. Assuming that New York law now permits “ recovery for the intentional infliction of mental distress without proof of the breach of any duty other than the duty to refrain from inflicting it ’ ’ (Halio v. Lurie, 15 A D 2d 62, 66; see, also, Battalla v. State of New York, 10 NY 2d 237; Ferrara v. Galluchio, 5 N Y 2d 16, 21), strong policy considerations militate against judicially applying these recent developments in this area of the law to the factual context of a dispute arising out of matrimonial differences. To sustain the claim for damages would result in a revival of evils not unlike those which prompted the Legislature in 1935 to outlaw actions for alienation of affections and criminal conversation (L. 1935, ch. 263; Civil Rights Law, § 80-a, formerly Civ. Prac. Act, § 61-b).
The same policy reasons, which would deny an action for damages for the conduct complained of by plaintiff, should also operate to bar the request for injunctive relief. Additionally, “ [i]t is not the province of courts of equity to administer paternal relief in domestic affairs. As a matter of practical fact, such decrees cannot be enforced ” (Baumann v. Baumann, 250 N. Y. 382, 389).
*12 The order of the Appellate Division should be affirmed, without costs.
Chief Judge Ftjld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order affirmed.