**Carroll Phillip BROWNING, Appellant,**

v.

**Marsha BROWNING, Appellee.**

Court of Appeals of Kentucky.

July 6, 1979.

Damon A. Vaughn, Henderson, for appellant.

Thomas Turner, Madisonville, for appellee.

Before HAYES, REYNOLDS and VANCE, JJ.

REYNOLDS, Judge.

The issue raised herein is a matter of first impression and concerns an appeal by a husband from the judgment of the Hopkins Circuit Court dismissing the complaint against his wife (appellee) for failure to state a cause of action upon which relief could be granted. C. P. Browning, the appellant-husband herein, sued his wife, Marsha Browning, appellee, and Jack Whitfield, seeking damages for alienation of affections against them and for the intentional infliction of emotional injury occasioned by the wife. At the time appellant filed suit, there was also pending, as between Mr. and Mrs. Browning, a dissolution of marriage action.

The pleadings in this case allege that Mrs. Browning (appellee) had

intentionally, wrongfully, openly and notoriously consorted with the defendant, Jack Whitfield, bestowing her affections, society and companionship upon the defendant, Jack Whitfield, secluded herself with and in the company of the defendant, Jack Whitfield, for long periods of time, all of which has caused plaintiff to suffer great and painful emotional injury and mental and bodily anguish and agony. . . .

Upon this appeal, we determine that the issue is whether one spouse may sue the other for damages resulting from the intentional infliction of emotional distress caused by the other for openly consorting with another party.

We find that judicial recognition of actions to redress the intentional affliction of mental distress, unaccompanied by physical damage, is a relatively recent trend of development in the law of torts, and that the perimeters of such a tort are presently in the process of growth. Generally, there appear to be some acts of liability for extreme cases of conduct exceeding all bounds usually tolerated by decent society which are calculated to, and do, cause very serious mental distress. See W. Prosser, *Law of Torts* § 12 (4th ed. 1971). The *Restatement (Second) of Torts* § 46 (1965), characterizes actionable conduct as being that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

Appellant cites as authority *Brown v. Crawford*, 296 Ky. 249, 177 S.W.2d 1 (1943), and *Scharringhaus v. Hazen*, 269 Ky. 425, 107 S.W.2d 329 (1937). *Brown, supra*, was an action for damages resulting from a willful assault by firing a gun in the direction of the plaintiff in which it was held that recovery could be had for physical pain and suffering as well as mental suffering resulting from fright caused by the willful wrong of another. *Scharringhaus, supra*, was a case involving breach of a promise to marry and seduction wherein money damages were allowed. Here, we find neither case persuasive as authority. Appellant cites *Weicker v. Weicker*, 53 Misc.2d 570, 279 N.Y.S.2d 852 (1967), in support of his contention that he has sustained an actionable injury. In that case, the husband allegedly obtained an illegal Mexican divorce, remarried and held another woman out as being his wife, and his first wife's com-

plaint for damages, resulting from the mental pain and anguish, was held to state a claim. However, this case was reversed by an appellate court in *Weicker v. Weicker*, 28 A.D.2d 138, 283 N.Y.S.2d 385 (1967), with that court holding the wife had failed to allege an actionable tort; and upon further appeal, the Court of Appeals of New York in *Weicker v. Weicker*, 22 N.Y.2d 8, 290 N.Y.S.2d 732, 237 N.E.2d 876 (1968), held that even if the law permitted recovery for intentional infliction of mental distress without proof of breach of any duty other than the duty to refrain from inflicting it, that strong policy considerations militated against judiciously applying such law as to authorize the recovery of damages arising out of matrimonial differences.

*Brown, supra*, is cited in support of appellant's contention that a recovery is allowable under the allegations of his pleadings. The cases are distinguishable since *Brown* was an action for assault. Kentucky, in ordinary actions, has denied recovery for mental suffering where there has been no physical contact, and we decline to recognize any such tort as stated in appellant's pleadings. Therefore we hold that appellant's complaint failed to state a cause of action in that the conduct alleged is not actionable even in light of recent trends regarding the tort of intentional infliction of mental distress, and because public policy would not be served by authorizing the recovery of damages under the circumstances alleged. In effect, we determine, that in this case, the morals of mankind are more perfectly judged by a court having a final and eternal jurisdiction.

The judgment of the trial court is affirmed.

All concur.