Beverly VAN METER, Appellee,

v.

Karin (Sikora) VAN METER, Appellant.

No. 66938.

Supreme Court of Iowa.

Jan. 19, 1983.

Barry J. Nadler of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellant.

Harlan M. Hockett and Joseph G. Bertogli, Des Moines, for appellee.

LARSON, Justice.

In this interlocutory appeal, the only issue is whether the district court erred in refusing to dismiss a claim alleging intentional infliction of physical and emotional distress caused by the defendant's "seduction" of the plaintiff's former husband, in view of our decision in *Fundermann v. Michelson,* 304 N.W.2d 790 (Iowa 1981) (abolishing the claim of alienation of affections). We affirm.

Our "notice pleading" rule requires only a "short and plain statement of the claim"; it does not require pleading of facts. Iowa R.Civ.P. 69(a). In order to sustain a motion to dismiss for failure to state a claim for relief, therefore, we must conclude that no state of facts is conceivable under which the plaintiff might prove her right of recovery. *Glass v. Minnesota Protective Life Insurance Company,* 314 N.W.2d 393, 397 (Iowa 1982).

An alienation of affections claim required (1) wrongful conduct by the defendant, (2) loss of affection, and (3) a causal

connection. *See Giltner v. Stark,* 219 N.W.2d 700, 704 (Iowa 1974). A claim of intentional infliction of emotional distress, on the other hand, requires (1) "outrageous conduct" by the defendant; (2) with intent of causing distress or reckless disregard of the probability of causing it; (3) the plaintiff's suffering of extreme distress; and (4) a causal connection. *See Amsden v. Grinnell Mutual Reinsurance Company,* 203 N.W.2d 252, 255 (Iowa 1972); *see Restatement (Second) of Torts* § 46 at 71–72 (1965).

■ The elements of the tort of intentional infliction of emotional distress, and some of its policy considerations, are different from those in an alienation claim. We cannot conclude as a matter of law that no facts are conceivable under which a claim for intentional infliction of emotional distress could be maintained merely because it, like alienation claims, arises out of a failed marital relationship. Whether such facts are present is more appropriately resolved upon presentation of evidence through summary judgment, *see Lamantia v. Sojka,* 298 N.W.2d 245, 247 (Iowa 1980); 5 Wright & Miller, *Federal Practice & Procedure* § 1202 at 60 (1969), or by trial.

AFFIRMED.

All Justices concur except LeGRAND, McCORMICK, UHLENHOPP, and HARRIS, JJ., who dissent.

McCORMICK, Justice (dissenting).

I believe the tort of intentional infliction of emotional distress should be unavailable when it is predicated on conduct which leads to dissolution of a marriage. Because dissolution of marriage is impossible in this jurisdiction without the exercise of voluntary choice by one of the spouses and approval by the court, no marriage can be terminated without the unfettered exercise of free will by one of the parties. To provide the other party with a tort remedy against a third person as a result of the termination contradicts this reality and effectively revives the alienation of affections tort in different guise.

In the context of a failed marriage, an emotional distress claim is subject to at least three of the main difficulties of the alienation of affections tort. It provides the same opportunity for extortion or blackmail merely by the threat of suit. It disregards the volitional act of the other spouse that is essential to termination, and it denigrates the institution of marriage by making a forced sale of spousal affections. These issues were fully explored by the court in its prior decisions and resulted in the abrogation of the alienation of affections tort in *Fundermann v. Michelson,* 304 N.W.2d 790 (Iowa 1981).

Other jurisdictions have refused to extend or recognize the emotional distress tort in this context. *See Haldane v. Bogy,* 208 Cal.App.2d 302, 25 Cal.Rptr. 392 (1962); *Hafner v. Hafner,* 135 N.J.Super. 328, 343 A.2d 166 (Law Div.1975); *Weicker v. Weicker,* 22 N.Y.2d 8, 290 N.Y.S.2d 732, 734, 237 N.E.2d 876 (1968); Note, *Loss of Consortium and Intentional Infliction of Emotional Distress: Alternative Theories to Alienation of Affections,* 67 Iowa L.Rev. 859 (1982). In each of these cases, emotional distress claims were dismissed for failure to state a cause of action when the pleadings disclosed the claims arose in the context of termination of marriage. The petition in the present case reveals the same basis. I would therefore hold that the trial court erred in overruling the motion to dismiss.

In refusing to recognize an interspousal cause of action for intentional infliction of emotional distress based on one spouse's conduct with a third party, the Court of Appeals of Kentucky relied on *Weicker. See Browning v. Browning,* 584 S.W.2d 406, 408 (Ky.Ct.App.1979). The court said: "[T]he conduct alleged is not actionable even in the light of recent trends regarding the tort of intentional infliction of mental distress, and because public policy would not be served by authorizing the recovery of damages under the circumstances alleged." It added: "In effect, we determine, that in this case, the morals of mankind are more perfectly judged by a court

having a final and eternal jurisdiction." *Id.* I believe those statements are also applicable to the present case.

UHLENHOPP and HARRIS, JJ., join this dissent.

LeGRAND, Justice (dissenting).

I adhere to the views expressed in the dissent in *Funderman v. Michelson,* 304 N.W.2d 790 (Iowa 1981). However, that case remains the law of this state. I therefore agree with Justice McCormick's present dissent. We should not permit litigants to circumvent *Funderman* by adopting an alias for what is really a claim for alienation of affections. I would reverse the trial court's order overruling defendant's motion to dismiss.