# (December 30, 1983)

■ IRIS BARON, Respondent, v DAVID JEFFER, Appellant. — In an action, *inter alia,* to recover damages for assault and the intentional infliction of emotional distress, defendant appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated November 17, 1982, which denied his motion for summary judgment dismissing the first and third causes of action asserted in plaintiff's amended verified complaint. Order reversed, on the law, without

costs or disbursements, motion granted and plaintiff's first and third causes of action dismissed. In her first cause of action, plaintiff alleges that on November 20, 1979 she was assaulted by the defendant, with whom she was then residing as if married. By judgment dated May 6, 1981 an action based upon the same assault was dismissed for lack of personal jurisdiction over the defendant and on June 21, 1982, this court affirmed that judgment (*Jeffer v Jeffer*, 88 AD2d 1114). The present action was commenced on or about April 28, 1981, i.e., more than 17 months after the date of the alleged assault. Under the circumstances of this case, we find no merit in plaintiff's contention that there are triable issues of fact regarding whether the defendant should be estopped from asserting the one-year Statute of Limitations as an affirmative defense to her first cause of action. The history of this litigation clearly indicates that the plaintiff did not forbear in pursuing her legal remedies against the defendant as a result of his alleged misrepresentations regarding, e.g., his willingness to make restitution. Plaintiff's claim of estoppel is conclusively refuted by the fact that she attempted, albeit unsuccessfully, to timely commence the prior action against him. Accordingly we hold that plaintiff's first cause of action is barred by the Statute of Limitations (CPLR 215, subd 3). Turning our attention to the third cause of action, plaintiff alleges that the defendant had intentionally inflicted emotional distress upon her during the course of their relationship as lovers living together. In *Weicker v Weicker* (22 NY2d 8, 11), an interspousal action, the Court of Appeals stated: "Assuming that New York law now permits 'recovery for the intentional infliction of mental distress without proof of the breach of any duty other than the duty to refrain from inflicting it' (*Halio* v. *Lurie,* 15 A D 2d 62, 66; see, *Battalla* v. *State of New York,* 10 N Y 2d 237; *Ferrara* v. *Galluchio,* 5 N Y 2d 16, 21), strong policy considerations militate against judicially applying these recent developments in this area of the law to the factual context of a dispute arising out of matrimonial differences. To sustain the claim for damages would result in a revival of evils not unlike those which prompted the Legislature in 1935 to outlaw actions for alienation of affections and criminal conversation (L. 1935, ch. 263; Civil Rights Law, § 80-a, formerly Civ. Prac. Act, § 61-b)". Similarly, we now hold that it would be contrary to public policy to recognize the existence of this type of tort in the context of disputes, as here, arising out of the differences which occur between persons who, although not married, have been living together as husband and wife for an extended period of time (here, over two years) (see, generally, Givelber, The Right to Minimum Social Decency and the Limits of Evenhandedness: Intentional Infliction of Emotional Distress by Outrageous Conduct, 82 Col L Rev 42). To paraphrase the Court of Appeals in *Weicker* (*supra*), to sustain the claim for damages in these circumstances would permit the revival of evils not unlike those which prompted the Legislature in 1935 to outlaw actions for seduction and breach of contract to marry (L 1935, ch 263; Civil Rights Law, § 80-a, formerly Civ Prac Act, § 61-b). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.