*700 Titone, J.
(dissenting). I cannot concur in either the result or the majority’s reasoning. In its effort to distinguish this case from the line of cases disallowing recovery for bystanders’ emotional trauma, the court has, in effect, recognized a new cause of action for negligent infliction of harm to an individual’s deep-seated beliefs. The creation of such a cause of action is certainly not in harmony with our prior case law. While we have previously recognized a right of recovery for intentional infliction of emotional distress by outrageous conduct (Ford Motor Credit Co. v Hickey Ford Sales, 62 NY2d 291, 303; Murphy v American Home Prods. Corp., 58 NY2d 293, 303; see, Halio v Lurie, 15 AD2d 62; cf., Weicker v Weicker, 22 NY2d 8) and have permitted recovery for shock and emotional distress resulting from negligently induced fear of physical injury (Battalla v State of New York, 10 NY2d 237; Ferrara v Galluchio, 5 NY2d 16), we have never gone so far as to suggest that tort compensation could be had for emotional distress derived from the guilt resulting from performing an act contrary to one’s convictions because negligently advised to do so.
Because I cannot accept this new theory, and its possible ramifications, I dissent.
Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to affirm in an opinion; Chief Judge Wachtler taking no part.
Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.