**Richard L. STRAUSS,**
**Plaintiff–Appellee,**

v.

**Thomas CILEK, Defendant–Appellant.**

**No. 87–57.**

Court of Appeals of Iowa.

Nov. 30, 1987.

Joseph G. Bertogli, Des Moines, for plaintiff-appellee.

Edward M. Blando and David L. Baker of Elderkin, Pirnie, von Lackum & Elderkin, Cedar Rapids, for defendant-appellant.

Heard by OXBERGER, C.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

The sole issue in this interlocutory appeal is whether the trial court erred in denying defendant's motion for summary judgment on plaintiff's claim of intentional infliction of emotional distress arising from defendant's romantic and sexual relationship with plaintiff's wife.

Defendant's affair with plaintiff's wife lasted one year. Plaintiff did not learn about the affair until after it was over. Plaintiff and his wife were in the process of obtaining a divorce at the time plaintiff initiated the present action for actual and punitive damages. The issue whether plaintiff in this case can maintain a claim for intentional infliction of emotional distress that arises out of a failed marital relationship may be appropriately resolved upon presentation of evidence through summary judgment. *Van Meter v. Van Meter*, 328 N.W.2d 497, 498 (Iowa 1983).

Summary judgment is appropriate if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). The resisting party must set forth specific facts showing there is a genuine issue for trial. Iowa R.Civ.P. 237(e). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984).

The elements of the tort of intentional infliction of emotional distress are as follows:

(1) Outrageous conduct by the defendant;

(2) The defendant's intention of causing, or reckless disregard of the probability of causing emotional distress;

(3) The plaintiff's suffering severe or extreme emotional distress; and

(4) Actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Amsden v. Grinnell Mut. Reinsurance Co.*, 203 N.W.2d 252, 255 (Iowa 1972).

In overruling defendant's motion for summary judgment, the trial court declined to rule as a matter of law that defendant's actions were not outrageous. We find the evidence in the summary judgment record insufficient to demonstrate a genuine issue of fact on the outrageous conduct element.

■ It is for the court to determine in the first instance whether the relevant conduct may reasonably be regarded as outrageous. *Roalson v. Chaney*, 334 N.W.2d 754, 756 (Iowa 1983). To be outrageous the conduct must be so extreme in degree as to go beyond all possible bounds of decency to be regarded as atrocious and utterly intolerable in a civilized community. *Vinson v. Linn–Mar Community School Dist.*, 360 N.W.2d 108, 118 (Iowa 1984) (citations omitted).

In *Roalson v. Chaney*, 334 N.W.2d at 755, Chaney asked Roalson's wife to marry him while she and Roalson were still married. The Iowa Supreme Court held no trier of fact could reasonably find Chaney's conduct outrageous. *Id.* at 757. More recently, in *Kunau v. Pillers, Pillers & Pillers*, 404 N.W.2d 573, 576 (Iowa App.1987), we held the facts of a case in which Kunau's wife had a lengthy sexual and romantic affair with her dentist could not support a conclusion the dentist's conduct was outrageous.

■ Plaintiff claims defendant's conduct in the present case is outrageous because plaintiff and defendant had known each other since elementary school and were good friends. We do not say that sexual relations between a plaintiff's friend and spouse would never give rise to a finding of outrageous conduct. We find the facts in this case, however, do not support a conclusion defendant's conduct is outrageous.

Defendant and plaintiff's wife kept their relationship secret until after it was over. Personal letters written by defendant to plaintiff's wife reveal defendant's genuine intention to leave his wife and children and to create a permanent relationship with plaintiff's wife. Plaintiff did not discover these letters discussing defendant's plans for the future until after he knew the affair had occurred. The record also reveals plaintiff's wife was unhappy in her marriage. She had previously engaged in an extramarital affair that lasted for five years with another of plaintiff's good friends.

We do not condone promiscuous sexual conduct. *See Fundermann v. Mickelson*, 304 N.W.2d 790, 794 (Iowa 1981). However, we do not find defendant's conduct in participating in a sexual relationship with a married woman, his friend's wife, who willingly continued the affair over an extended period, is atrocious and utterly intolerable conduct so extreme in degree as to go beyond all possible bounds of decency. *Vinson*, 360 N.W.2d at 118. The parties are residents of Iowa City, a community of 50,000 and the home of the University of Iowa. A recitation of the facts of this case to an average member of the community would not lead him to exclaim, "Outrageous!" *See Roalson*, 334 N.W.2d at 756.

The trial court erred in overruling defendant's motion for summary judgment. We reverse and remand the case for entry of an order granting defendant's motion for summary judgment.

REVERSED AND REMANDED WITH DIRECTIONS.