■ ROBERT ELLER, Respondent, v HYALA ELLER, Appellant.— In an action to recover damages for the alleged abduction by the defendant of the parties' children, in which the defendant counterclaimed to recover damages for intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Kings County (Morton, J.), dated August 19, 1986, which granted the plaintiff's motion to dismiss her counterclaims for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Eller and the defendant Hyala Eller were married in March 1965 and divorced in June 1971. A custody trial in the Family Court, Kings County, resulted in the granting of custody of the parties' two infant sons to the plaintiff with weekly visitation rights to the defendant.

In February 1974 and May 1976 the defendant absconded with the children for long periods of time. After the children were returned to the plaintiff each time, the defendant subsequently sought and was granted certain visitation rights. In February 1979 the plaintiff commenced an action to recover damages arising out of the emotional pain and distress caused by the defendant's abductions of the children. The defendant's answer consisted of denials and defenses but set forth no counterclaims.

In July 1979 the defendant served an amended answer with counterclaims alleging emotional pain and suffering due to the plaintiff's refusal to comply with Family Court visitation orders from November 1977 through June 1979. The defendant also claimed that in June 1979 the plaintiff moved to Israel taking the children with him and effectively deprived her of her visitation rights for the next seven years. After various defaults, dismissals and vacatur of defaults by both parties, the plaintiff, in June 1986 moved to dismiss the defendant's counterclaims for failure to state a cognizable cause of action. That motion was granted upon a finding that an action for damages was not a remedy available to the defendant.

As the defendant's claims were dismissed for failure to state a cause of action, this court's review is limited to whether the defendant alleged any cause of action cognizable at law (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; accord, 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506). Applying that standard, we find that the granting of the plaintiff's motion was proper.

Strong policy considerations have been held to militate against allowing recovery for the intentional infliction of emotional distress in matters arising out of the interpersonal relationships in a matrimonial context (see, Weicker v Weicker, 22 NY2d 8, 11, rearg denied 22 NY2d 827; Baron v Jeffer, 98 AD2d 810). The defendant's claim as a noncustodial parent for monetary damages based upon the deprivation of her visitation rights is of the type contemplated as being against that public policy (see, McGrady v Rosenbaum, 62 Misc 2d 182, affd 37 AD2d 917).

The defendant's remedies against the plaintiff for violation of court-ordered visitation are more properly limited to the adequate remedies at law, viz., contempt, preclusion to challenge the order, enforcement of support provisions and a possible change of custody *(see, McGrady v Rosenbaum, supra,* at 188). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.