■ PAUL LAGREGA, Respondent, v FARRELL LINES, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on May 9, 1988, which denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff, a longshoreman, was seriously injured while discharging a cargo of coffee beans from defendant's vessel. During the unloading operation, numerous bags of beans, each weighing between 120 and 140 pounds, fell upon plaintiff from an upper tier in the cargo hold. The sworn deposition testimony of plaintiff alleged that the sacks of beans had been improperly stowed and covered over with properly stowed bags so as to camouflage the haphazard loading of the ship in West Africa by local longshoremen. He also testified to having given notice of the condition to a member of the ship's crew. Defendant's chief officer, by affidavits, stated that he had observed the loading operation and that it had been properly accomplished.

As we have noted, the function of the court upon a motion for summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732), and summary judgment is the procedural equivalent of a trial *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). The moving party must sufficiently demonstrate entitlement to judgment, as a matter of law, by tender of evidentiary proof in admissible form. To defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial of any issue of fact by submission of such proof in admissible form *(see, Olan v Farrell Lines,* 64 NY2d 1092, 1093, *affg* 105 AD2d 653; *Zuckerman v City of New York,* 49 NY2d 557, 562, citing *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). Sworn deposition testimony will suffice *(see, Olan v Farrell Lines, supra; Gaeta v New York News,* 62 NY2d 340, 350; *Zuckerman v City of New York, supra,* at 563).

The decision of the Supreme Court in *Scindia Steam Nav. Co. v De Los Santos* (451 US 156 [1981]) makes it clear that the primary responsibility for maintaining a safe condition during cargo operations rests on the stevedores. The exception to this rule is in situations where a shipowner (1) has actual or constructive knowledge of a dangerous condition, (2) knows that the longshoremen are continuing to work despite the existence of an unreasonable risk of harm to them, and (3) could not reasonably expect that the stevedore would remedy

the situation *(Taylor v Moram Agencies,* 739 F2d 1384, 1387-1388 [9th Cir], citing *Scindia Steam Nav. Co. v De Los Santos, supra,* at 175-176). Defendant's chief officer stated affirmatively that his duties "included making sure that the cargo was securely and properly stowed for the ocean crossing". Consequently, if defendant had in fact known that the stowage was improper and thus dangerous, all three of the above-stated conditions of liability would have been met by its failure to inform the stevedore of that fact. It is the issue of defendant's knowledge of this dangerous condition which militates against the drastic remedy of summary judgment. While we do not address the issue of plaintiff's contributory negligence in continuing to discharge cargo in the face of an "obvious" dangerous condition, we note that the defense of assumption of the risk is unavailable as a bar to [33 USC] section 905 (b) litigation *(Scindia Steam Nav. Co. v Le Los Santos, supra,* at 176, n 22; *see also, Napoli v Hellenic Lines,* 536 F2d 505, 509 [2d Cir 1976]). Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.