■ MICHELE DeCANDIA, Appellant, v HUDSON WATERWAYS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. UNITED TERMINALS, INC., Third-Party Defendant-Respondent. [598 NYS2d 239] —Judgment, Supreme Court, New York County (Michael Dontzin, J.), entered August 25, 1989, which dismissed the complaint and third-party complaint, unanimously affirmed, with costs.

Appeal from the order of the same court, entered on or about May 17, 1989, which, *inter alia,* denied plaintiff's motion to set aside the jury verdict in favor of defendants, is dismissed as superceded by the appeal from the judgment *(see, Matter of Aho,* 39 NY2d 241, 248), without costs.

The various points of error raised by plaintiff are all without merit. The action was properly dismissed as against the time charterer, there being no proof that it was aware of any hidden dangers on the vessel as would require it to use reasonable care in stabilizing the vessel, and otherwise maintaining safe conditions during cargo operations performed by the stevedore *(see, LaGrega v Farrell Lines,* 156 AD2d 205, citing *Scindia Steam Nav. Co. v De Los Santos,* 451 US 156).

The court did not abuse its discretion in permitting defendants' marine architect to testify as an expert *(see, Werner v Sun Oil Co.,* 65 NY2d 839) in refuting plaintiff's claim that the vessel had "rolled" as much as 15 degrees when he fell off a ladder.

Nor was it an abuse of discretion to admit the various surveillance videotapes of plaintiff performing strenuous activities at a time when he claimed to be totally disabled and which had not been disclosed prior to trial, while granting plaintiff a continuance to allow him to retain an expert to ascertain the films' accuracy and authenticity *(see, DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 196-197). We reject plaintiff's contention that the rule announced in *DiMichel,* concerning the discoverability of surveillance films warrants reversal of the result of this 1989 trial.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Kupferman and Rubin, JJ.