■ YESHAYA WEINSTOCK, Respondent, v CITIBANK, N. A., Appellant, et al., Defendants. [734 NYS2d 210] —In an action, *inter alia,* to recover damages for fraud, the defendant Citibank, N. A., appeals from an order of the Supreme Court, Kings County (Barron, J.), dated January 5, 2001, which denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant obtained a default judgment against the respondent in a prior foreclosure action. The respondent then commenced this action, *inter alia,* to recover damages for fraud. Specifically, the respondent alleged that the default judgment in the foreclosure action was procured as a result of improper service of process on him.

The Supreme Court does not have subject matter jurisdiction over a collateral attack on personal jurisdiction in a prior action (*see, Mitchell v Insurance Co.,* 40 AD2d 873; *Tomasello Bros. v Friedman,* 57 Misc 2d 817). If personal jurisdiction was not properly obtained over the respondent in the prior action, his remedy is to move to vacate the default judgment in that action (*see,* CPLR 5015 [a] [4]; *European Am. Bank & Trust Co. v Serota,* 242 AD2d 363; *Laurenzano v Laurenzano,* 222 AD2d 560). Therefore, the Supreme Court should have granted the appellant's motion to dismiss the complaint insofar as asserted against it. Friedmann, J. P., Smith, Adams and Townes, JJ., concur.