■ MARC NACSON, Appellant, v ANDREA P. SEMMEL, Respondent. [738 NYS2d 888] —In an action, inter alia, to recover damages for intentional infliction of emotional distress, fraud, and misrepresentation, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated November 27, 2000, which granted the defendant's motion to vacate her default in opposing his motion for summary judgment and to dismiss the complaint for failure to state a cause of action and as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default must demonstrate to the court the existence of excusable default and a meritorious defense to the action (*see,* CPLR 5015). In matrimonial actions, the court has adopted a liberal policy with respect to vacating defaults (*see, Singer v Singer,* 136 AD2d 695; *Antonovich v Antonovich,* 84 AD2d 799). Here, the court properly exercised its discretion in vacating the default against the defendant. The defendant established excusable default due to the failure of the plaintiff's counsel to inform her of the proper adjourned date and the theft of her counsel's files a week before a response was due (*see, Matter of Crawford v Perales,* 205 AD2d 307). In addition, the defendant established a meritorious defense to the action.

Furthermore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint. Strong public policy considerations militate against allowing recovery for intentional infliction of emotional distress when a claim arises out of the interpersonal relationships in a matrimonial context, as it does here (*see, Weicker v Weicker,* 22 NY2d 8; *Eller v Eller,* 136 AD2d 678). In any event, all of the causes of action were barred by the applicable statute of limitations (*see,* CPLR 213 [8]; 214 [5]; 215 [3]). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.