■ VALASSIS COMMUNICATIONS, INC., et al., Appellants, v WILLIAM WEIMER et al., Respondents, et al., Defendants. [758 NYS2d 311] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 4, 2002, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

This action, purporting to sound in fraud and breach of contract, is premised upon allegations that defendants made numerous misrepresentations respecting the financial viability of an Internet-related business to induce plaintiffs to purchase the business. In light, however, of provisions of the parties' Purchase Agreement specifically prohibiting plaintiffs' reliance on extracontractual representations such as those upon which plaintiffs' fraud claim is premised, it is plain that plaintiffs possess no viable claim for fraud (*see Harsco Corp. v Segui*, 91 F3d 337, 345 [1996]). Plaintiffs' inability to establish the ele-

ment of reasonable reliance, essential to a claim for fraud, is additionally evident from the circumstance that plaintiffs, sophisticated business entities, were provided financial information relevant to the business purchase transaction, including a list of the company's existing advertising contracts, customers and suppliers, but failed to verify the accuracy of that information, as they could have. "As a matter of law, a sophisticated plaintiff cannot establish that it entered into an arm's length transaction in justifiable reliance on alleged misrepresentations if that plaintiff failed to make use of the means of verification that were available to it" (*UST Private Equity Invs. Fund v Salomon Smith Barney*, 288 AD2d 87, 88 [2001]).

Also properly dismissed was plaintiffs' breach of contract claim. The reports allegedly relied on by plaintiffs, respecting the status of the commitments of the existing and potential customers of the business plaintiffs were contracting to purchase, were not incorporated into the Purchase Agreement, which itself contained no representations as to the business's future source, volume or profitability.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.