■ VIKAS SAREEN, Appellant, v REEMA SAREEN et al., Respondents, et al., Defendants. [858 NYS2d 285]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated May 21, 2007, which granted that branch of the motion of the defendants Reema Sareen, Rajiv K. Grover, and Dena Grover which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (2) an order of the same court dated July 19, 2007, which denied his separate motions for leave to reargue and renew.

Ordered that the order dated May 21, 2007, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated July 19, 2007, as denied the plaintiff's motion for leave to reargue is dismissed, on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 19, 2007, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff seeks to recover damages for fraud from his estranged wife, Reema Sareen, and her family, on the ground that, in inducing him to marry her, they claimed that she had a college degree, when she did not. The plaintiff's complaint failed to state a cause of action, since he failed to plead that he justifiably relied upon these alleged misrepresentations in determining whether to enter into the marriage (*see Valassis Communications v Weimer,* 304 AD2d 448 [2003]).

The plaintiff's claim that he asserted a cause of action sound-

ing in intentional infliction of emotional distress is without merit. New York does not recognize a cause of action to recover damages for intentional infliction of emotional distress between spouses (*see Xiao Yang Chen v Fischer*, 6 NY3d 94, 100, n 2 [2005]; *Weicker v Weicker*, 22 NY2d 8 [1968]; *Nacson v Semmel*, 292 AD2d 432 [2002]). Further, the plaintiff does not allege any conduct on the part of the respondents which could constitute intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Scarfone v Village of Ossining*, 23 AD3d 540 [2005]).

The plaintiff's remaining contentions are without merit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.