■ IOANNIS JOHN GLEZELIS, Also Known as IOANNIS GLEZELIS, Also Known as JOHN GLEZELIS, Appellant, v NICOLE HALKIOPOU-LOS, Also Known as NICOLE HALKIOPOULOS TZEREMES, Also Known as NICOLE TZEREMES, et al., Respondents. [876 NYS2d 166]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated January 17, 2008, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims is granted.

In their answer, the defendants asserted counterclaims based on certain allegedly fraudulent misrepresentations made by the plaintiff. In order to prevail on the counterclaims, the defendants would have to demonstrate, among other things, that they justifiably relied on the plaintiff's alleged misrepresentations, and were injured as a result of those misrepresentations (*see Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]). However, even when accepting the facts alleged in support of the counterclaims as true, and according the defendants the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), the counterclaims are not supported by sufficient allegations from which it could reasonably be found that the defendants justifiably relied on the alleged misrepresentations (*see Sareen v Sareen*, 51 AD3d 765 [2008]). Furthermore, some of the counterclaims are not supported by sufficient allegations from which it could reasonably be found that the defendants were injured as a result of the alleged misrepresentations (*see Old Clinton Corp. v 502 Old Country Rd.*, 5 AD3d 363, 364-365 [2004]). Under these circumstances, the Supreme Court should have granted that branch of the plaintiff's motion which was to dismiss the counterclaims (*see* CPLR 3211 [a] [7]; *see also* CPLR 3016 [b]). Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.