■ ANDREW P. MORICE, Appellant, v BRUCE A. GARRITANO, Respondent. [878 NYS2d 906]—

In an action, inter alia, for a judgment declaring the existence of a partnership and for the imposition of a constructive trust, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated July 23, 2008, as granted that branch of the defendant's motion which was to cancel the notice of pendency filed against certain parcels of real property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to cancel the notice of pendency is denied, and the notice of pendency is reinstated.

In his second cause of action, the plaintiff sought to impose a constructive trust in his favor upon, among others, the subject "hotel properties" legally owned by, and titled in, the defendant's name. The cause of action for a constructive trust "seeks a judgment affecting title to, or the possession, use or enjoyment of real property within the purview of CPLR 6501" (*Peterson v Kelly,* 173 AD2d 688, 689 [1991] [citations omitted]) and thus was sufficient to support the filing of a notice of pendency (*see Klein v Gutman,* 12 AD3d 348, 352 [2004]; *Peterson v Kelly,* 173 AD2d at 689; *Jacobs v Abramoff,* 148 AD2d 497, 499 [1989]; *Siegel v Silverstone,* 250 App Div 784 [1937]; *cf. 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 318 [1984]; *Yonaty v Glauber,* 40 AD3d 1193 [2007]). Spolzino, J.P., Florio, Miller and Eng, JJ., concur.