■ JAMES L. EWART, JR., Appellants, v JAMES L. EWART III et al., Respondents. [912 NYS2d 265]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 30, 2009, which granted the defendants' motion pursuant to CPLR 6514 to cancel a notice of pendency filed by the plaintiffs against the subject property.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, inter alia, to impose a constructive trust upon certain real property (hereinafter the property) and filed a notice of pendency against that property. The defendants moved pursuant to CPLR 6514 to cancel that notice of pendency, arguing that it had not been properly filed because the plaintiffs failed to state a cause of action to impose a constructive trust upon the property. The Supreme Court granted the defendants' motion, and the plaintiffs appeal. We affirm.

A notice of pendency is authorized to be filed in an action seeking a judgment that would affect the title to, or possession, use, or enjoyment of, real property (*see* CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320-321 [1984]; *Nastasi v Nastasi*, 26 AD3d 32, 35 [2005]). An action to impose a constructive trust upon real property qualifies as one in which the filing of a notice of pendency is allowed (*see Morice v Garritano*, 62 AD3d 971 [2009]; *Nastasi v Nastasi*, 26 AD3d at 36).

Cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where the filing of the notice fails to comply with CPLR 6501 (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 320-321; *Nastasi v Nastasi*, 26 AD3d at 36; *Rose v Montt Assets*, 250 AD2d 451, 451-452 [1998]). "When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself; 'the court's analysis is to be limited to

the pleading's face' " (*Nastasi v Nastasi*, 26 AD3d at 36, quoting *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 321).

"In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940 [1980]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Here, the complaint fails to state a cause of action to impose a constructive trust upon the property because it does not contain factual allegations demonstrating an express or implied promise and a transfer made in reliance thereon (*see generally Sharp v Kosmalski*, 40 NY2d at 122; *Reiner v Reiner*, 100 AD2d 872, 874 [1984]).

The plaintiffs' remaining contentions are without merit, or are not properly before this Court.

Accordingly, the Supreme Court properly granted the defendants' motion to cancel the notice of pendency filed against the property. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.