In an action, inter alia, for a judgment declaring that the plaintiff’s rights to ownership of certain real property are superior to the rights of the defendants, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 20, 2011, as denied those branches of his motion which were pursuant to CPLR 3211 (b) to dismiss the first, second, third, fourth, first-numbered fifth, second-numbered fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses, pursuant to CPLR 3024 (b) to strike the ninth affirmative defense, and pursuant to CPLR 3211 (a) (7) to dismiss the defendants’ first, second, third, and fourth counterclaims.
Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the plaintiffs motion which were pursuant to CPLR 3211 (b) to dismiss the first, second, fourth, first-numbered fifth, second-numbered fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses, and substituting therefor a provision granting those branches of the plaintiff’s motion, and (2) by deleting the provisions thereof denying those branches of the plaintiff’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the defendants’ first, second, third, and fourth counterclaims and substituting therefor a provision granting those branches of the plaintiff’s motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
“A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit” (CPLR 3211 [b]; see Galasso, Langione & Botter, LLP v *1089 Liotti, 81 AD3d 880, 882 [2011]). “[W]hen moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is ‘without merit as a matter of law’ ” (Greco v Christoffersen, 70 AD3d 769, 771 [2010], quoting Vita v New York Waste Servs., LLC, 34 AD3d 559, 559 [2006]). “In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference” (Fireman’s Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2008]). The Supreme Court should have granted those branches of the plaintiff’s motion which were to dismiss the first, second, fourth, first-numbered fifth, sixth, twelfth, fourteenth, and fifteenth affirmative defenses, as those defenses were without merit as a matter of law (see CPLR 3211 [b]; Galasso, Langione & Botter, LLP v Liotti, 81 AD3d at 882; Greco v Christoffersen, 70 AD3d at 771; Vita v New York Waste Servs., LLC, 34 AD3d at 559; Fireman’s Fund Ins. Co. v Farrell, 57 AD3d at 723).
The Supreme Court properly denied that branch of the plaintiffs motion which was to dismiss the third affirmative defense, alleging failure to state a cause of action. “[N]o motion by the plaintiff lies under CPLR 3211 (b) to strike the defense [of failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim” (Butler v Catinella, 58 AD3d 145, 150 [2008]; see CPLR 3211 [a] [7]).
Further, the Supreme Court should have granted those branches of the plaintiff’s motion which were to dismiss the second-numbered fifth, seventh, eighth, ninth, tenth, eleventh, and thirteenth affirmative defenses, as the court lacked subject matter jurisdiction over collateral attacks on a judgment in a prior action (see Matter of Matsos Contr. Corp. v New York State Dept. of Labor, 80 AD3d 924, 925 [2011]; Weinstock v Citibank, 289 AD2d 326 [2001]; Mitchell v Insurance Co. of N. Am., 40 AD2d 873, 874 [1972]).
“On a motion to dismiss a complaint or counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, ‘the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the [opposing party] the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 967 [2011], quoting Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see CPLR 3013, 3019 [d]; Glezelis v Halkiopoulos, 61 AD3d 633 [2009]).
*1090 The Supreme Court should have granted those branches of the plaintiffs motion which were to pursuant to CPLR 3211 (a) (7) dismiss the defendants’ first, second, third, and fourth counterclaims. In their first counterclaim, the defendants asserted that, inter alia, the plaintiff breached a fiduciary duty owed to them. In their second counterclaim, the defendants asserted, inter alia, that the plaintiff owed the defendant Thomas Debonis repayment for a sum he had disbursed on behalf of the plaintiffs mother and sister. Even accepting as true the facts alleged in support of the first and second counterclaims, and according the defendants the benefit of every possible inference, the first and second counterclaims are not supported by sufficiently particular allegations from which it reasonably could be found that the plaintiff breached a fiduciary duty to the defendants or that the plaintiff owed the defendants repayment of any sum. Thus, the Supreme Court should have granted those branches of the plaintiffs motion which were to dismiss the first and second counterclaims (see Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d at 967; Glezelis v Halkiopoulos, 61 AD3d at 633).
The third counterclaim constituted an improper collateral attack on a judgment in a prior action. Thus, the Supreme Court should have granted that branch of the plaintiffs motion which was to dismiss the third counterclaim (see Weinstock v Citibank, 289 AD2d at 326; Mitchell v Insurance Co. of N. Am., 40 AD2d at 874).
In the sixth cause of action in his complaint, the plaintiff sought to impose a constructive trust in his favor upon the subject property legally owned by, and titled in, the name of the defendant Nicole Kyriacou. Since such cause of action sought a judgment that “would affect the title to, or the possession, use or enjoyment of, real property” (CPLR 6501), it was sufficient to support the filing of a notice of pendency (see Ewart v Ewart, 78 AD3d 992 [2010]; Morice v Garritano, 62 AD3d 971 [2009]). Therefore, the Supreme Court should have granted that branch of the plaintiff’s motion which was to dismiss the fourth counterclaim, which alleged that the plaintiff wrongfully filed a notice of pendency against the subject property (see CPLR 6501; Ewart v Ewart, 78 AD3d at 992; Morice v Garritano, 62 AD3d at 971).
In light of our determination, we need not reach the plaintiff s remaining contention. Angiolillo, J.P, Dickerson, Belen and Chambers, JJ., concur.