■ V. GROPPA POOLS, INC., et al., Appellants, v FRANK MASSELLO, JR., et al., Defendants, and SCOTT RENDA et al., Respondents. [964 NYS2d 563]—

In an action to recover damages for misappropriation of proprietary information and slander, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), dated October 28, 2011, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims of the defendants Scott Renda and Scott Renda Pools, LLC.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to dismiss the third counterclaim of the defendants Scott Renda and Scott Renda Pools, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Vincent Groppa is the principal of the plaintiff V. Groppa Pools, Inc., a pool servicing business located in Westchester County. The defendant Frank Massello, Jr., was employed by the plaintiffs from approximately April 2006 until he left in or around December 2010. He is the principal of the defendant Absolute Pools & Spa, Inc. The defendant Scott Renda was employed by the plaintiffs from approximately 1995 until he left in or around April 2011. He is the principal of the defendant Scott Renda Pools, LLC. In or about May 2011 the plaintiffs commenced this action against the defendants, alleging misappropriation of proprietary information and slander. On June 24, 2011, Renda and Scott Renda Pools, LLC (hereinafter together the Renda defendants), interposed a verified answer with three counterclaims. On August 30, 2011, Massello and Absolute Pools & Spa, Inc. (hereinafter together the Massello defendants), interposed a verified answer with three counterclaims. In July 2011, the plaintiffs moved pursuant to CPLR 3211 (a) (7) to dismiss the Renda defendants' counterclaims. In an order dated October 28, 2011, the Supreme Court denied the motion.

When assessing a motion to dismiss a complaint or counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]; *Mazzei v Kyriacou*, 98 AD3d 1088,

1089 [2012]; *Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 664 [2012]). The allegations of the pleading cannot be vague and conclusory (*see Phillips v Construction*, 101 AD3d 1097 [2012]), but must contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found (*see Mazzei v Kyriacou*, 98 AD3d at 1090). The test of the sufficiency of a pleading is " 'whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments' " (*Moore v Johnson*, 147 AD2d 621, 621 [1989], quoting *Pace v Perk*, 81 AD2d 444, 449 [1981]).

The Supreme Court properly denied those branches of the plaintiffs' motion which were to dismiss the Renda defendants' first and second counterclaims, as those counterclaims adequately alleged causes of action to recover damages for breach of contract (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]) and for an accounting (*see Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC*, 92 AD3d 711, 713 [2012]). However, the Supreme Court should have granted that branch of the plaintiffs' motion which was to dismiss the Renda defendants' third counterclaim. This counterclaim sought payment for lost wages allegedly incurred by Scott Renda when he left his previous employment in reliance upon the plaintiffs' alleged promise to give him a 20% interest in V. Groppa Pools, Inc. Since this counterclaim merely alleges a breach of contract, and the measure of damages applicable to the third counterclaim is no different from that applicable to the other counterclaims, the third counterclaim cannot form a cause of action independent of the first and second counterclaims (*see Burton v Matteliano*, 81 AD3d 1272, 1275 [2011]), but must be deemed to be subsumed therein.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.