In an action to recover damages for misappropriation of proprietary information and slander, the defendants Frank Massello, Jr., and Absolute Pools & Spa, Inc., appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), dated *724 March 15, 2012, which granted the plaintiffs’ motion pursuant to CPLR 3211 (a) (7) to dismiss their counterclaims.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs’ motion which was to dismiss the appellants’ third counterclaim, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The underlying facts are described in our decision and order on a related appeal (see V. Groppa Pools, Inc. v Massello, 106 AD3d 722 [2013] [decided herewith]).
In September 2011, the plaintiffs moved pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims of the defendants Frank Massello, Jr., and Absolute Pools & Spa, Inc. (hereinafter together the appellants). In an order dated March 15, 2012, the Supreme Court granted the motion.
The Supreme Court properly granted those branches of the plaintiffs’ motion which were to dismiss the appellants’ first counterclaim, which alleged breach of contract, and their second counterclaim, which was for an accounting. Both the first and second counterclaims were vague and conclusory, and did not contain sufficiently particularized allegations from which a cognizable cause of action could be inferred (see Mazzei v Kyriacou, 98 AD3d 1088, 1090 [2012]). However, the Supreme Court erred in granting that branch of the plaintiffs’ motion which was to dismiss the appellants’ third counterclaim. This counterclaim, in which the defendant Frank Massello, Jr., alleged that, while he was an employee of the plaintiffs, they failed to pay him certain wages and overtime compensation to which he was entitled, adequately asserts a cause of action to recover unpaid wages and other compensation (see Talon Air, Inc. v Kevin Francis Madden, 80 AD3d 746, 748 [2011]).
The parties’ remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P, Balkin, Austin and Cohen, JJ., concur.