OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, so much of the order dated July 26, 2013 as granted the branches of landlord’s motion seeking (1) to dismiss tenant’s fourth through seventh affirmative defenses and (2) summary judgment upon the petition is vacated, and those branches of landlord’s motion are denied.
Landlord, a cooperative corporation, commenced this holdover summary proceeding to recover possession of an apartment. As framed by landlord on appeal, the basis for the proceeding is that landlord terminated the tenancy on the ground that tenant had breached the lease by making plumbing modifications and installing a dishwasher without permission from the cooperative, and had failed to cure as required by a notice to cure. Tenant asserted several affirmative defenses, of which the fourth through seventh are relevant to this appeal. Tenant’s fourth affirmative defense is that landlord had approved his first renovation plan but ignored his second renovation plan, and therefore unreasonably withheld permis *38 sion for the installation of the dishwasher. His fifth affirmative defense is that there is nothing in the proprietary lease or any of the corporation’s other governing documents that prohibits the installation of a dishwasher. His sixth affirmative defense is that the installation of a dishwasher did not affect the quality of water service or interfere with anyone’s rights. His seventh affirmative defense is that landlord had approved tenant’s plumbing modifications. Landlord moved to dismiss all of tenant’s affirmative defenses (see CPLR 3211 [b]) and for summary judgment upon the petition. The Civil Court granted landlord’s motion in its entirety, and a final judgment of possession was entered. Tenant appeals, as limited by his brief, from so much of the order as granted the branches of landlord’s motion seeking to dismiss tenant’s fourth through seventh affirmative defenses and summary judgment. The appeal is deemed to be from the final judgment of possession entered pursuant to the order (see CPLR 5512 [a]). A hearing was subsequently held on the issue of attorney’s fees, after which a money judgment was entered in favor of landlord. The money judgment is not directly the subject of this appeal.
Landlord alleges that tenant breached paragraph 21 (a) of the proprietary lease, which prohibits a tenant from making any additions to, or alterations of, water pipes or plumbing fixtures, without first obtaining landlord’s consent, which shall not be unreasonably withheld or delayed. Tenant’s seventh affirmative defense specifically alleges that landlord had approved tenant’s plumbing modifications, and landlord did not demonstrate on its motion for summary judgment that this is not the case. In an attempt to do so, landlord submitted papers which its officer identified as the “scope of work” that tenant had submitted to the board and which the board had approved, and a plumbing invoice submitted by tenant, which the corporation itself had partially paid. The scope of work calls for, among other things, the replacement of valves under the sink. The invoice details the replacement of hot and cold shutoff valves with hot and cold tile stops, the replacement of copper piping to accommodate tile stops, and the replacement of waste piping in the wall. Thus, landlord’s own submissions demonstrate that it had approved plumbing work, and landlord has not made any specific allegations about plumbing work performed in tenant’s apartment that had not been approved. Consequently, tenant’s seventh affirmative defense should not have been dismissed (see Mazzei v Kyriacou, 98 AD3d 1088 [2012]).
*39 Furthermore, in our view, while paragraph 21 (a) requires a tenant to obtain permission before making plumbing modifications, which would include plumbing modifications made in connection with the installation of a dishwasher, it does not require a tenant to obtain permission for the installation of a dishwasher per se. Thus, as landlord did not demonstrate that tenant had breached paragraph 21 (a) of the lease by making unapproved plumbing modifications, and the installation of a dishwasher without obtaining permission is not a breach of the lease, landlord should not have been awarded summary judgment.
Finally, landlord did not demonstrate that tenant’s fourth, fifth and six affirmative defenses lack merit as a matter of law, which is the movant’s burden on a motion to dismiss defenses pursuant to CPLR 3211 (b) (see id. at 1089).
Accordingly, the final judgment is reversed, so much of the order dated July 26, 2013 as granted the branches of landlord’s motion seeking (1) to dismiss tenant’s fourth through seventh affirmative defenses and (2) summary judgment upon the petition is vacated, and those branches of landlord’s motion are denied.