Chen v Dehjung Deborah Wang (2018 NY Slip Op 06076)





Chen v Dehjung Deborah Wang


2018 NY Slip Op 06076


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-02341
 (Index No. 1018/16)

[*1]Michael Yuan Min Chen, appellant, 
v
Dehjung Deborah Wang, respondent.


Michael Yuan Min Chen, Flushing, NY, appellant pro se.
Soffey & Soffey LLC, Garden City, NY (Douglas M. Soffey and Joseph E. Soffey of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for prima facie tort, private nuisance, intentional infliction of emotional distress, and, in effect, negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated January 25, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In January 2016, the plaintiff commenced this action against the defendant, his former wife, alleging prima facie tort, private nuisance, intentional infliction of emotional distress, and, in effect, negligent infliction of emotional distress. All of the allegations supporting the causes of action stem from the parties' acrimonious divorce, which was finalized in May 2016.
We agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint. The defendant established her prima facie entitlement to judgment as a matter of law and, in opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). The plaintiff's evidence does not support a meritorious cause of action alleging either prima facie tort (see Ahmed Elkoulily, M.D., P.C., v New York State Catholic Healthplan, Inc., 153 AD3d 768; Trulio v Village of Ossining, 153 AD3d 577), or private nuisance (see Berland v Chi, 142 AD3d 1121; Taggart v Costabile, 131 AD3d 243). Further, New York does not recognize a cause of action alleging the intentional infliction of emotional distress between spouses or former spouses based upon allegations of events that occurred during the marriage (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100 n 2; Sareen v Sareen, 51 AD3d 765; Nacson v Semmel, 292 AD2d 432). In any event, the conduct complained of does not rise to the level of extreme and outrageous behavior required for a valid claim of intentional infliction of emotional distress (see Video Voice, Inc. v Local T.V., Inc., 156 AD3d 848; Brunache v MV Transp., Inc., 151 AD3d 1011).
The plaintiff's remaining contention is without merit.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court