## S&L Ludlow Realty Inc. v Bridgeview Gallery

2024 NY Slip Op 33057(U)

August 30, 2024

Supreme Court, New York County

Docket Number: Index No. 160364/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**

*Justice*

-------------------------------------------------------------------------------X

S&L LUDLOW REALTY INC.,

Plaintiff,

- v -

BRIDGEVIEW GALLERY, ROBERT RAND, SHLOMO
WEPRIN

Defendants.

-------------------------------------------------------------------------------X

| PART | 47 |
|---|---|
| INDEX NO. | 160364/2021 |
| MOTION DATE | 11/15/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 31, 32, 33, 34, 36, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for                              PREL INJUNCTION/TEMP REST ORDR              .

Plaintiff moves pursuant to CPLR § 6301 for a preliminary injunction and temporary restraining order to enjoin defendants from soliciting, advertising, taking reservations, booking and renting the 4th Floor of the building at 83 Essex Street a/k/a 90 Ludlow Street, New York, New York on Airbnb or any similar short term rental sites. It also seeks an order enjoining defendants from utilizing the premises in any way as a hotel or boarding house and from granting access to the premises from people other than lawful occupants. Defendant Shlomo Weprin cross-moves to dismiss the action as against him, for failure to state a claim, arguing that since he is not in a landlord-tenant relationship with plaintiff because he is a subtenant, plaintiff cannot maintain this action against him.

CPLR § 6301 states:

> A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the

**160364/2021   S&L LUDLOW REALTY INC. vs. BRIDGEVIEW GALLERY ET AL**
  **Motion No.  001**

**Page 1 of 4**

1 of 4

defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff. A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had.

To be entitled to a preliminary injunction plaintiff must show a "probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor" (*Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]). Here, plaintiff has shown a high probability of success since it has provided evidence of defendants' listings on Airbnb and Renthop (NYSCEF Doc Nos 8-13). Plaintiff has also shown that the use of the premises for short term rentals is in violation of the Certificate of Occupancy, the Zoning Resolution and the Use Group for the Building and Premises (NYSCEF Doc Nos 14-16). It has also established irreparable injury because allowing the operation of accommodations in violation of New York City Fire Codes and Zoning Resolutions could result in significant liability to plaintiff and could also result in the cancelling of plaintiff's insurance coverage (See *City of New York v Smart Apartments LLC*, 39 Misc 3d 221 [Sup Ct 2013]). Finally, "equities lie in favor of shutting down an illegal, unsafe, deceptive business, rather than in allowing said business to continue to operate (to defendants' presumed financial advantage)" (*id.* at 233). Accordingly, plaintiff's motion for a preliminary injunction and temporary restraining order will be granted.

Turning to defendant Weprin's cross-motion, when assessing a motion for dismissal based on a "failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 722 [2d Dept

**160364/2021   S&L LUDLOW REALTY INC. vs. BRIDGEVIEW GALLERY ET AL**
  **Motion No.  001**

**Page 2 of 4**

2 of 4

2013]). Here, the second cause of action seeks a permanent injunction preventing defendants from continuing to operate the premises as a short-term rental unit. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Caruso v Bumgarner*, 120 AD3d 1174, 1175 [2d Dept 2014]). While Weprin is correct that "[b]ecause there is no privity of contract between them, a subtenant incurs no liability directly to a paramount lessor for performance of covenants contained in the original lease" (*Tefft v Apex Pawnbroking & Jewelry Co., Inc.*, 75 AD2d 891, [2d Dept 1980]) there is no need for Weprin to be in privity with plaintiff to obtain the equitable relief sought in that cause of action. Therefore, the cross-motion will be denied.

Accordingly it is,

ORDERED that the motion for a preliminary injunction is granted; and it is further

ORDERED that defendants, their agents, servants, employees, affiliates, partners, successors and assigns, and all others acting on behalf of or in concert with defendants, collectively or individually are enjoined from:

1. Utilizing the 4th Floor (the "Premises") of the building 83 Essex Street a/k/a 90 Ludlow Street, New York, New York (the "Building") for occupancy by transient visitors, tourists and others (collectively "Transients") for residential use on a daily or weekly basis, or otherwise utilizing the Premises or any portion thereof as an illegal hotel or boarding house;

2. Soliciting, advertising, taking reservations, booking and renting the Premises, in whole or part, to Transients through internet websites, such as www.Airbnb.com,

**160364/2021   S&L LUDLOW REALTY INC. vs. BRIDGEVIEW GALLERY ET AL**          **Page 3 of 4**
  **Motion No.  001**

[* 3]

3 of 4

www.Airbnb.co.uk, www.renthop.com or any other service engaging in booking short term rentals;

3. Soliciting, advertising, taking reservations, booking and renting the Premises, in whole or part, to Transients through any other means for short term rentals; and

4. Permitting, allowing or providing access to, from and within the Building to Transients or others who are not lawful occupants of the Premises; and it is further

ORDERED that defendant Weprin's cross-motion to dismiss the claims against him is denied; and it is further

ORDERED that the parties are directed to attend a preliminary conference on September 26, 2024, at 9:30 am.

20240830112632PGOETZ124E2AE707760442I9EB8F53AE7E1D15C

| 8/30/2024 | | | PAUL A. GOETZ, J.S.C. |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160364/2021   S&L LUDLOW REALTY INC. vs. BRIDGEVIEW GALLERY ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]