**Simply Funding, LLC v Jim Dan Dee Seafood LLC**

2024 NY Slip Op 33119(U)

September 9, 2024

Supreme Court, Queens County

Docket Number: Index No. 704474/2023

Judge: Phillip Hom

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# QUEENS COUNTY



FILED
9/9/2024
COUNTY CLERK
QUEENS COUNTY

PRESENT:    HON.  PHILLIP HOM                          PART 14

                    *Justice*

-----------------------------------------------------------------------------X

SIMPLY FUNDING, LLC,

|  | | |
|---|---|---|
| **INDEX NO.** | | 704474/2023 |
| **MOTION DATE** | | 03/21/2024 |
| **MOTION SEQ. NO.** | | 001 & 002 + cross-motion |

                    Plaintiff,

                    - v -

JIM DAN DEE SEAFOOD LLC, DBA JIM DAN DEE
SEAFOOD, aka JIM DAN DEE CRAB KING, aka CRAB
KING; and JAMES LESLIE DAMERON,

**DECISION + ORDER ON MOTION**

                    Defendants.

x-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 27, 28, 29, 30, 31, 32, 45, 46, 47

were read on this motion to/for                                DISMISS                                .

And were read on this cross-motion to/for            DISMISS AFFIRMATIVE DEFENSES

The following e-filed documents, listed by NYSCEF document number (Motion 002) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                      SUMMARY JUDGMENT                  .

Upon the foregoing papers, it is ordered that defendants' motion to dismiss (Seq. No. 1), plaintiff's cross-motion to dismiss defendants' affirmative defenses, and plaintiff's motion for summary judgment (Seq. No. 2), are determined as follows:

Plaintiff SIMPLY FUNDING, LLC ("Plaintiff") commenced this action against defendants JIM DAN DEE SEAFOOD LLC, DBA JIM DAN DEE SEAFOOD, aka JIM DAN DEE CRAB KING, aka CRAB KING ("Jim Dan"); and JAMES LESLIE DAMERON ("Dameron") (collectively "Defendants"), alleging breach of contract, breach of performance guaranty, unjust enrichment, and for attorneys' fees.

*Motion to Dismiss (Seq. No. 1)*

Under CPLR 3211 (a) (2), a party may move for judgment dismissing a cause of action on the ground that the court does not have jurisdiction over the subject matter. Subject matter jurisdiction is the "'power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under the general question'" (*Thrasher v U.S. Liab. Ins. Co.*, 19 NY2d 159, 166 [1967], quoting *Hunt v Hunt*, 72 NY 217, 229 [1878]).  A judgment entered without subject matter jurisdiction is void (*see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 203 [2013]; *Lacks v Lacks*, 41 NY2d 71, 75 [1976]).  A lack of subject matter jurisdiction means

**704474/2023   SIMPLY FUNDING, LLC, vs. JIM DAN DEE SEAFOOD LLC, ET AL**
   **Motion No.  001 002**                                                    **Page 1 of 5**

1 of 5

[* 1]

"the matter before the court was not the kind of matter on which the court had power to rule" (*Garcia v Government Empls Ins. Co.*, 130 AD3d 870, 871 [2d Dept 2015], quoting *Manhattan Telecom. Corp.*, 21 NY3d at 203). The Supreme Court has general original jurisdiction in law and equity and is competent to hear all causes of action unless jurisdiction has been specifically proscribed (*see* N.Y. Const., art. VI, § 7; *Lacks*, 41 NY2d at 75; *Thrasher*, 19 NYS2d at 166). Thus, it is a "court of original, unlimited and unqualified jurisdiction" (*21st Century Pharmacy v. Am. Int'l Grp.*, 195 AD3d 776, 778 (2d Dept 2021). "Giving additional jurisdiction to other tribunals does not take general jurisdiction away from the Supreme Court" (*Barone v Aetna Life Ins. Co.*, 260 NY 410, 414 [1933]). Therefore, Defendants' motion to dismiss is denied.

## Cross-Motion to Dismiss Affirmative Defenses

Under CPLR 3211 (b), "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." Therefore, a plaintiff moving to dismiss a defense, pursuant to CPLR 3211 (b), has the prima facie burden of establishing that affirmative defense(s) is(are) without merit as a matter of law (*see Lewis v US Bank N.A.*, 186 AD3d 694, 697 [2d Dept 2020]; *Edwards v Walsh*, 169 AD3d 865, 870 [2d Dept 2019]; *Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2d Dept 2012]). "'In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference'" (*Mazzei*, 98 AD3d at 1089, quoting *Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]).

### A.    *Usury Defense*

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022], quoting (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]). An advanced principal sum needs to be repayable absolutely for the transaction to be considered a loan (*see Crystal Springs Capital, Inc. v Big Thicket Coin, LLC*, 220 AD3d 745 [2d Dept 2023]). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.* at 746-47, quoting *LG Funding, LLC*, 181 AD3d at 665-66).

Here, Plaintiff establishes that the transaction set forth in the agreement was not a loan, and thus, there can be there can be no usury defense. Defendants' answer alleges thirty affirmative defenses, but only one specifically mentions usury. However, the Court notes that usury is mentioned in several other places in the answer. Therefore, Defendants' usury affirmative defense, as stated in affirmative defense number thirteen, and as mentioned throughout Defendants' answer, are dismissed.

704474/2023   SIMPLY FUNDING, LLC, vs. JIM DAN DEE SEAFOOD LLC, ET AL          Page 2 of 5
Motion No.  001 002

2 of 5

B.      *Jurisdictional Defenses*

Parties may enter into a contract to waive, among other things, methods of service and personal jurisdiction defenses (*see 159 MP Corp. v Redbridge Bedford, LLC*, 160 AD3d 176, 188 [2d Dept 2018], citing *Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L.*, 78 AD3d 137, 140 [1st Dept 2010] ["parties to a contract are free to contractually waive service of process"]).  "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Bernstein v Wysoki*, 77 AD3d 241, 248-49 [2d Dept 2010]).  Although General Obligations Law ("Gen. Oblig. Law") § 5-1402 subsection 1 references actions of one million dollars or more, subsection 2 expressly states that "[n]othing contained in this section shall be construed to affect the enforcement of any provision respecting choice of forum in any other contract, agreement or undertaking."  Thus, "in actions involving less than $ 1 million, forum selection clauses are enforceable according to their terms" (*National Union Fire Ins. Co. v Worley*, 257 AD2d 228, 231 [1st Dept 1999]).

In accordance with the foregoing, Defendants' affirmative defenses regarding venue, personal jurisdiction, subject matter jurisdiction, and Gen. Oblig. Law § 5-1402, as stated throughout Defendants' answer and in affirmative defenses numbered eleven, seventeen, and twenty-one are dismissed.

C.      *Remaining Affirmative Defenses*

"[W]here affirmative defenses 'merely plead conclusions of law without any supporting facts,' the affirmative defenses should be dismissed pursuant to CPLR 3211 (b)" (*Diaz v 297 Schaefer St. Realty Corp.*, 195 AD3d 794, 795 [2d Dept 2021], quoting *Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 750 [2d Dept 2010]).

Here, Defendants' affirmative defenses plead conclusions of law without any supporting facts.  Defendants' contention that there are documents and discovery in Plaintiff's possession necessary for its defense, is unavailing (*see Bank of Am., N.A.*, 78 AD3d at 750).  Thus, Defendants' remaining affirmative defenses are dismissed.

*Summary Judgment (Seq. No. 2)*

In a summary judgment motion, the movant has the initial burden of demonstrating his or her prima facie entitlement to judgment as a matter of law through submission of sufficient evidence eliminating any material issues of fact (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).  Only when the movant satisfies this prima facie burden does the burden shift to the opponent to show that material issues of fact exist (*see Giuffrida*, 100 NY2d at 81). Thus, where the movant does not satisfy this initial burden, summary judgment is denied regardless of the sufficiency of the opposing papers (see *Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]).

704474/2023   SIMPLY FUNDING, LLC, vs. JIM DAN DEE SEAFOOD LLC, ET AL          Page 3 of 5
Motion No. 001 002

3 of 5

The elements of a claim for breach of contract are: (1) the existence of a contract; (2) the plaintiff's performance pursuant to the contract; (3) the defendant's breach of its contractual obligations; and (4) damages resulting from the breach (*see Dean Builders Grp., P.C. v M.B. Din Constr., Inc.*, 186 AD3d 1612, 1614 [2d Dept 2020]; *Junger v John V. Dinan Assocs., Inc.,* 164 AD3d 1428, 1430 [2d Dept 2018]; *Carione v Hickey*, 133 AD3d 811, 811 [2d Dept 2015]). "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (*KTG Hospitality, LLC v. Cobra Kitchen Ventilation, Inc.,* 201 AD3d 710, 711 [2d Dept 2022]).

To establish prima facie entitlement to judgment as a matter of law with respect to a guaranty, a plaintiff must show the existence of a guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]; *Encore Nursing Ctr. Partners Ltd. Partnership-85 v. Schwartzb*erg, 172 AD3d 1166, 1168 [2d Dept 2019]; *Hyman v Golio*, 134 AD3d 992, 992 [2d Dept 2015]).

To be enforceable, certain types of agreements, including a guaranty, must be in writing and subscribed by the party to be charged therewith or by his or her lawful agent, pursuant to the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]; *Massias v Goldberg*, 163 AD3d 648, 649 [2d Dept 2018]).

"A guaranty is a promise to fulfill the obligations of another party, and is subject 'to the ordinary principles of contract construction'" (*Cooperative Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch*, 25 NY3d at 492, quoting *Compagnie Financiere de CIC et de L'Union Europeenne v Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F3d 31, 34 [2d Cir 1999]).

In contrast, "[u]njust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (*Bedford-Carp Constr., Inc. v. Brooklyn Union Gas Co.,* 219 A.D.3d 1293, 1295 [2d Dept 2023]). "[T]he existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (*Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist.*, 213 AD3d 959, 961 [2d Dept 2023]).

The record contains, among other things, the affidavit of Jacob Kleinberger ("Kleinberger"), the manager and head of operations for Plaintiff. Kleinberger incorporates by reference the agreement between the parties, the guaranty, and the payment history.

The Court finds that Plaintiff establishes its entitlement to summary judgment for breach of contract and breach of performance guaranty. Plaintiff does not establish a claim for unjust enrichment since there was a valid contract governing the parties. Furthermore, Plaintiff does not submit, among other things, documentation to support its assertion for attorneys' fees and costs incurred in this action. Notably, Defendants does not oppose the motion for summary judgment.

704474/2023   SIMPLY FUNDING, LLC, vs. JIM DAN DEE SEAFOOD LLC, ET AL     **Page 4 of 5**
Motion No.  001 002

[* 4]

4 of 5

In accordance with the foregoing, it is hereby **ORDERED** that Defendants' motion to dismiss (Seq No. 1) is denied in its entirety; and it is further

**ORDERED** that Plaintiff's cross-motion to dismiss Defendants' affirmative defenses (Seq No. 1) is granted in its entirety; and it is further

**ORDERED** that the branches of Plaintiff's summary judgment motion (Seq No. 2) for the claims of breach of contract and breach of performance guaranty are granted; and it is further

**ORDERED** that the branch of Plaintiff's summary judgment motion (Seq No. 2) for the claim of unjust enrichment is denied; and it is further

**ORDERED** that the branch of Plaintiff's summary judgment motion (Seq No. 2) for attorneys' fees is denied, without prejudice, to be renewed with proper evidentiary support; and it is further

**ORDERED** that any requested relief and/or remaining contentions not expressly addressed herein have nonetheless been considered and are hereby expressly rejected; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Order with Notice of Entry, upon Defendants and the Queens County Clerk, within thirty (30) days of the date of entry; and it is further

**ORDERED** that, upon service of a copy of this Order with Notice of Entry, the Queens County Clerk is directed to enter judgment in the amount of $30,004.93[1], plus statutory interest at 9% from February 13, 2023, with costs[2] and disbursements as taxed by the Queens County Clerk, in favor of Plaintiff, and against Defendants.

This constitutes the Decision and Order of this Court.

Dated: September 4, 2024

_____
**PHILLIP HOM, J.S.C.**

**FILED**
9/9/2024
**COUNTY CLERK**
**QUEENS COUNTY**

---

[1] The amount of $30,004.93 includes the agreement balance of $27,504.93, plus additional fees in the amount of $2,500.00, for costs associated with collections activity before this litigation commenced (EF 37).
[2] This amount does not include attorneys' fees.

**704474/2023 SIMPLY FUNDING, LLC, vs. JIM DAN DEE SEAFOOD LLC, ET AL**          **Page 5 of 5**
**Motion No. 001 002**

5 of 5

[* 5]