224 Lefferts Ave. Hous. Dev. Fund Corp. v Haile (2026 NY Slip Op 00227)

224 Lefferts Ave. Hous. Dev. Fund Corp. v Haile

2026 NY Slip Op 00227

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-02200
 (Index No. 512135/23)

[*1]224 Lefferts Avenue Housing Development Fund Corporation, appellant, 
vFaith Haile, respondent.

Anderson Law PLLC, New York, NY (Gregory A. Byrnes and Sam Caldarone of counsel), for appellant.
Arze & Mollica, LLP, Brooklyn, NY (Raymond J. Mollica of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, 224 Lefferts Avenue Housing Development Fund Corporation appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated September 15, 2023. The order, insofar as appealed from, denied the motion of 224 Lefferts Avenue Housing Development Fund Corporation for a judgment declaring, in effect, that a judgment of the same court (Devin Cohen, J.) dated July 13, 2017, in favor of Faith Haile and against 224 Lefferts Avenue Housing Development Corp. in an action entitled Haile v 224 Lefferts Housing Development Corp., commenced in the Supreme Court, Kings County, under Index No. 1725/14, is "not enforceable or of any force and effect against" 224 Lefferts Avenue Housing Development Fund Corporation, and granted those branches of the cross-motion of Faith Haile which were (1) for leave to file a supplemental summons and amended complaint in the action entitled Haile v 224 Lefferts Housing Development Corp., commenced in the Supreme Court, Kings County, under Index No. 1725/14, to name 224 Lefferts Avenue Housing Development Fund Corporation as the defendant instead of 224 Lefferts Avenue Housing Development Corp. and to deem the supplemental summons and amended complaint validly served upon 224 Lefferts Avenue Housing Development Fund Corporation "without further physical service thereof," (2) for leave to amend the judgment dated July 13, 2017, in the action entitled Haile v 224 Lefferts Housing Development Corp., commenced in the Supreme Court, Kings County, under Index No. 1725/14, to name 224 Lefferts Avenue Housing Development Fund Corporation as the defendant instead of 224 Lefferts Avenue Housing Development Corp., and (3) pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross-motion of Faith Haile which were (1) for leave to file a supplemental summons and amended complaint in the action entitled Haile v 224 Lefferts Housing Development Corp., commenced in the Supreme Court, Kings County, under Index No. 1725/14, to name 224 Lefferts Avenue Housing Development Fund Corporation as the defendant instead of 224 Lefferts Avenue Housing Development Corp. and to deem the supplemental summons and amended complaint validly served upon 224 Lefferts Avenue Housing Development Fund Corporation "without further physical service thereof" and (2) for leave to amend the judgment dated July 13, 2017, in the action entitled Haile v 224 Lefferts Housing Development Corp., commenced in the Supreme Court, Kings County, under Index No. 1725/14, to name 224 Lefferts Avenue [*2]Housing Development Fund Corporation as the defendant instead of 224 Lefferts Avenue Housing Development Corp., and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2014, Faith Haile commenced an action against 224 Lefferts Avenue Housing Development Corp. (hereinafter the corporation), to recover damages for personal injuries she allegedly sustained when she fell at premises owned by the corporation (hereinafter the 2014 action). The corporation failed to appear or answer the complaint. By order dated March 4, 2015, the Supreme Court granted Haile's motion for leave to enter a default judgment against the corporation. In July 2017, a judgment was issued in favor of Haile and against the corporation on default (hereinafter the default judgment).
In April 2023, 224 Lefferts Avenue Housing Development Fund Corporation (hereinafter the fund) commenced the instant action against Haile for a judgment declaring, in effect, that the default judgment against the corporation "is not against or enforceable against [the fund]." Thereafter, the fund moved for a judgment declaring, in effect, that the default judgment is "not enforceable or of any force and effect against [the fund]." Haile opposed the motion and cross-moved, inter alia, (1) for leave to file a supplemental summons and amended complaint in the 2014 action to name the fund as the defendant instead of the corporation and to deem the supplemental summons and amended complaint validly served upon the fund "without further physical service thereof," (2) for leave to amend the default judgment issued in the 2014 action to name the fund as the defendant instead of the corporation, and (3) pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated September 15, 2023, the Supreme Court, among other things, determined that the fund was properly served in the 2014 action, albeit under an incorrect name, denied the fund's motion, and granted those branches of Haile's cross-motion. The fund appeals.
The Supreme Court properly denied the fund's motion and granted that branch of Haile's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint, albeit on a ground different from that stated by the court. "The Supreme Court does not have subject matter jurisdiction over a collateral attack on personal jurisdiction in a prior action" (Weinstock v Citibank, 289 AD2d 326, 326; see Mazzei v Kyriacou, 98 AD3d 1088, 1089; Mitchell v Insurance Co. of N. Am., 40 AD2d 873, 874). Thus, if personal jurisdiction was not properly obtained over the fund in the 2014 action, its remedy is to move to vacate the default judgment in that action (see CPLR 5015[a][4]; Weinstock v Citibank, 289 AD2d at 326).
However, the Supreme Court erred in granting those branches of Haile's cross-motion which were (1) for leave to file a supplemental summons and amended complaint in the 2014 action to name the fund as the defendant instead of the corporation and to deem the supplemental summons and amended complaint validly served upon the fund "without further physical service thereof" and (2) for leave to amend the default judgment in the 2014 action to name the fund as the defendant instead of the corporation. The court lacked the authority to amend the pleadings in the 2014 action, as well as the default judgment, which was issued by a different justice in a different action (see CPLR 5019[a]; Sokoloff v Schor, 176 AD3d 120, 132-133; see also Bank of N.Y. v Karistina Enters., LLC, 209 AD3d 820, 823). Although the fund raises this issue for the first time on appeal, we consider it because it presents a "question of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided" (Wells Fargo Bank v Islam, 174 AD3d 670, 672 [internal quotation marks omitted]).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court